# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **MARILYN ALTIZER, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:14CV00007 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TOWN OF CEDAR BLUFF, VIRGINIA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Michael A. Bragg, Bragg Law, Abingdon, Virginia, for Plaintiffs; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendants.*

The plaintiffs, Marilyn and Timothy Altizer, have filed a motion seeking reconsideration of the court's order terminating Mr. Altizer as a party and dismissing the claim for breach of fiduciary duty. For the following reasons, I will deny the motion.

I

First, the plaintiffs challenge the court's determination that, because he had not alleged an injury in fact,[1] Mr. Altizer did not have standing to bring a claim for First Amendment retaliation. The challenge is premised upon the fact that Mr. Atlizer "specifically [ ] alleged that he was damaged by the loss to the family unit of his wife's contribution to the joint family resources that previously had been

---

[1] Because I again find that Mr. Altizer has not alleged an injury in fact, I do not reach the plaintiffs' argument as to redressability.

derived from her employment." (Mot. Recons. 2, ECF No. 9.) The plaintiffs also point to the "chilling effect" that Ms. Altizer's termination had on Mr. Altizer's speech.

As held by the Fourth Circuit, such allegations are insufficient to establish standing. Where a public employee alleged that he was demoted in violation of the First Amendment because of his and his wife's speech, the Fourth Circuit held that the "chilling effect" of the alleged retaliatory demotion and resultant loss of family income were "too indirect and speculative to support [the wife's] standing as plaintiff in a lawsuit filed to challenge the propriety of her husband's demotion." *English v. Powell*, 592 F.2d 727, 730 (4th Cir. 1979). For this reason and the reasons stated in the previous decision, *Altizer v. Town of Cedar Bluff, Va.*, No. 1:14CV00007, 2014 WL 2535057 (W.D. Va. June 5, 2014), Mr. Altizer's nearly identical allegations fail to establish standing to sue alongside his wife.[2]

Second, the plaintiffs contend that the court improperly dismissed their claim for breach of fiduciary duty, insofar as "[t]he Complaint, in fact, sets out the source of the fiduciary duty, specifies the duty allegedly breached, and the damages [Ms. Altizer] sustained." (Mot. Recons. 4, ECF No. 9.) The plaintiff argues that the duty is derived from 26 U.S.C. § 457(g)(1), requiring that deferred

---

[2] Mr. Atlizer also claims damages for "shame, degradation, and humiliation," (Compl. ¶ 13, ECF No. 1), but has alleged no facts beyond his wife's termination to support the claim. It is insufficient as a basis for injury.

compensation from governmental plans organized thereunder be held in trust for the exclusive benefit of the employee.

However, it is not alleged that the defendant Town of Cedar Bluff served as a trustee for the deferred compensation plan, nor is it alleged that the defendants violated a duty arising from any source other than the contract establishing the retirement plan. As such, the allegations are insufficient to support a claim for breach of fiduciary duty. *Sun Hotel, Inc. v. SummitBridge Credit Invs. III, LLC*, No. CL-2012-14062, 2013 WL 8019584, at *5 (Va. Cir. Ct. Jan. 23, 2013) ("A plaintiff must identify a breach of duty arising from a source other than its contractual relationship with the Defendant."); *Oleyar v. Kerr*, 225 S.E.2d 398, 399 (Va. 1976) ("If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action . . . then the action is founded upon contract, and not upon tort."). For these reasons, I do not disturb my earlier decision dismissing the claim for breach of fiduciary duty.

II

For the foregoing reasons, it is **ORDERED** that the plaintiffs' Motion for Reconsideration (ECF No. 9) is DENIED.

ENTER: June 16, 2014

/s/ James P. Jones
United States District Judge